## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| THE GATEWAY LOGISTICS GROUP, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-05-2742 |
| DANGEROUS GOODS MANAGEMENT AUSTRALIA PTY, LTD, *et al.,* | § § § | |
| Defendants. | § § | |

### MEMORANDUM AND ORDER

The Gateway Logistics group sued Dangerous Goods Management, Jimmy St. Ledger, Tracy Reeves, and Cridlands Pty, Ltd., each of whom is a resident of Australia, in Texas state court. The petition alleges libel *per quod*, libel *per se*, tortious interference with existing and prospective business relations, business disparagement, breach of contract, and breach of the duty of good faith and fair dealing. (Docket Entry No. 1). The defendants removed this case on the basis of diversity and filed motions to dismiss for lack of personal jurisdiction. (Docket Entry Nos. 4, 6). Gateway responded, claiming that this court has jurisdiction over the defendants and moving in the alternative for jurisdictional discovery. (Docket Entry No. 13). The defendants have replied. (Docket Entry Nos. 16, 18).

"In a diversity action, a federal court may exercise personal jurisdiction over a defendant to the extent permitted by the applicable state law." *Panda Brandywine Corp. v.*

*Potomac Elec. Power Co.*, 253 F.3d 865, 867 (5th Cir. 2001).  The Texas long-arm statute, TEX. CIV. PRAC. & REM. CODE ANN. § 17.041 *et seq.*, confers jurisdiction to the limit permitted by due process.  *Schlobohm v. Schapiro,* 784 S.W.2d 355, 357 (Tex. 1990) (citation omitted); *see also Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 413 n.7 (1984).  In Texas, the personal jurisdiction inquiry is coterminous with the due process analysis.  *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 424–25 (5th Cir. 2005).

Due process limits the exercise of personal jurisdiction over nonresident defendants to cases in which defendants purposefully establish "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).  A court must determine  whether the defendant has established the requisite minimum contacts with the forum state and whether the exercise of jurisdiction would offend traditional notions of fair play and substantial justice.  *Polythane,* 993 F.2d at 1205 (citations omitted).

A court may assert personal jurisdiction under a theory of either "general" or "specific" personal jurisdiction.  A court exercises specific jurisdiction over a defendant if the cause of action alleged arises out of or is related to the defendant's contacts with the forum.  *Helicopteros*, 466 U.S. at 414 n.8.  When a court exercises personal jurisdiction over a defendant in a case *not* arising out of or related to the defendant's contacts with the forum state, the court is exercising general jurisdiction over the defendant.  *Id.* at 414 n.9.

A court may exercise specific jurisdiction if:  (1) the defendant purposely directed its

activities toward the forum state or purposely availed itself of the privileges of conducting activities there; and (2) the controversy arises out of or is related to the defendant's contacts with the forum state.  *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 343 (5th Cir. 2004).  The plaintiff must demonstrate a nexus between the nonresident defendant's contacts with the forum and the cause of action.  *Rittenhouse v. Mabry,* 832 F.2d 1380, 1390 (5th Cir. 1987).  A court must "examine the relationship among the defendant, the forum, and the litigation to determine whether maintaining the suit offends traditional notions of fair play and substantial justice."  *Southmark Corp. v. Life Investors, Inc.,* 851 F.2d 763, 772 (5th Cir. 1988) (citations omitted).  Specific jurisdiction is limited to adjudication of the particular controversy that arises out of or is related to the defendant's contacts with the forum. *Petroleum Helicopters, Inc. v. Avco Corp.*, 804 F.2d 1367, 1370 (5th Cir. 1986).  If a defendant's contact with the forum "resulted from the defendant's conduct and created a substantial connection with the forum state, even a single act can support [specific personal] jurisdiction."  *Ham v. La Cienega*, 4 F.3d 413, 415 (5th Cir. 1993); *see also McGee v. Int'l Life. Ins. Co.*, 355 U.S. 220, 223 (1957); *Brown v. Flowers Indus., Inc.*, 688 F.2d 328, 332–34 (5th Cir. 1982).  If "an alleged tort-feasor's intentional actions are expressly aimed at the forum state, and the tort-feasor knows that the brunt of the injury will be felt by a particular resident in the forum, the tort-feasor must reasonably anticipate being haled into court there to answer for its tortious actions."  *Southmark Corp.*, 851 F.2d at 772.  It is "well established," however, that "merely contracting with a resident of a forum state is insufficient to subject the nonresident to the forum's jurisdiction."  *Freudensprung*, 379 F.3d at 344

3

(quoting in part *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 778 (5th Cir. 1986) (additional citations omitted)).

When the cause of action does not arise from or relate to the foreign defendant's purposeful conduct within the forum state, due process requires that the foreign defendant have engaged in continuous and systematic contacts with the forum state before a court may exercise general personal jurisdiction. *Helicopteros*, 466 U.S. at 414–15; *Bearry v. Beech Aircraft Corp.* 818 F.2d 370, 374 (5th Cir. 1987). The plaintiff must demonstrate contacts of a more extensive quality and nature between the forum state and the defendant than those needed to support specific jurisdiction. *Dalton v. R & W Marine,* 897 F.2d 1359, 1362 (5th Cir. 1990) (citations omitted). "To exercise general jurisdiction, the court must determine whether 'the contacts are sufficiently systematic and continuous to support a reasonable exercise of jurisdiction.'" *Holt Oil & Gas,* 801 F.2d at 777 (quoting *Stuart v. Spademan*, 772 F.2d 1185, 1191 (5th Cir. 1985) (additional citations omitted)).

When a nonresident defendant challenges personal jurisdiction, the plaintiff bears the burden of demonstrating facts sufficient to support jurisdiction. *Stuart,* 772 F.2d at 1192 (5th (citations omitted). "The court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Id.* "When the district court rules on a motion to dismiss for lack of personal jurisdiction 'without an evidentiary hearing, the plaintiff may bear his burden by presenting a *prima facie* case that personal jurisdiction is proper.'" *Quick Techs., Inc. v. Sage Group PLC*, 313 F.3d 338, 343 (5th Cir. 2002) (quoting *Wilson v. Bolin*, 20 F.3d 644, 648 (5th Cir.

1994)).  The court "must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 869 (5th Cir. 2000) (quoting *Latshaw v. Johnson*, 167 F.3d 208, 211 (5th Cir. 1999)) (additional citations omitted).  However, the court is not obligated to credit conclusory allegations, even if uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power*, 253 F.3d 865, 868 (5th Cir. 2001).

Gateway's complaint does not allege tortious conduct by any of the defendants in Texas.  Gateway states that it believes that the defendants published allegedly libelous material to others in Texas and requests jurisdictional discovery.  Gateway's motion for limited jurisdictional discovery is granted.  Gateway may conduct jurisdictional discovery limited to the defendants' allegedly tortious acts directed into Texas, specifically, whether the material at issue was published or disseminated in Texas and the defendants' knowledge related to the alleged dissemination. *See Southmark Corp.* 851 F.2d at 772.  Gateway has until April 7, 2005 to conduct this jurisdictional discovery, and until April 21, 2005 to supplement the record.  The defendants may respond no later than May 5, 2005.  After the record is supplemented, this court will rule on the motions.

The motions to dismiss are stayed; the alternative motion for jurisdictional discovery is granted.  The motion for a hearing (Docket Entry No. 7) is denied without prejudice as prematurely filed.

SIGNED on February 9, 2006, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge